ROBERT D. WILLIAMS v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY

No. 7929SC955

(Filed 3 June 1980)

Easements § 8.3– utility easement – permit executed by life tenant – permit invalid upon tenant's death

Williams v. Telegraph Co.

Defendant utility was not bound by the terms of a general permit to enter property for the purpose of locating and maintaining its lines since plaintiff's predecessor who executed the permit was only a life tenant, and the permit conveyed to defendant an easement for and during her lifetime and no longer.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 6 February 1979 in Superior Court, HENDERSON County. Heard in the Court of Appeals 14 April 1980.

This civil action was brought for a judgment declaring the rights and duties of the parties under the provisions of a general permit as to which party should bear the cost of relocating the defendant utility's lines and poles located on land owned by plaintiff. The matter was heard before the trial court upon stipulated facts. The trial court made findings of fact and concluded that defendant was responsible for the cost of relocating the lines, in the sum of $4,316.00.

*D. Samuel Neill and William H. Miller for plaintiff appellee.*

*Roberts, Cogburn & Williams, by James W. Williams, for defendant appellant.*

WELLS, Judge.

The operative facts stipulated between the parties were as follows: On 5 February 1929, defendant obtained and duly recorded a general permit to enter property owned in fee by plaintiff's predecessors in interest for the purpose of locating and maintaining its lines. The sole grantor of the permit was Ola H. White, who possessed only a life estate in the land. Ola White died 1 October 1935. The permit contained the following provision, "No Fruit Trees To Be Cut, The Said Company agree [*sic*] and has The right To relocate Said line to conform with future building or Street Improvements." On 4 June 1976, plaintiff became the owner in fee of the disputed lands. At the time this action was brought on 29 April 1977, defendant had maintained its lines and poles on the disputed property for more than forty years.

We note that the facts stipulated fail to disclose the original location of the lines upon the subject lands, their current location, or the cost of relocation. In its judgment, the trial court made the following pertinent findings of fact:

1. That the Defendant, Southern Bell Telephone and Telegraph Company entered onto the lands in question under a grant set forth in the General Permit recorded in Book 186, at Page 564, Henderson County Registry.

2. That the grantor in the permit was vested with only a life estate in the lands in question.

* * *

5. That the defendant, Southern Bell Telephone and Telegraph Company, is in fact bound by the permit and that they [sic] gain entry to the land and use of the land by permission through the permit and have never disclaimed or changed their character or style of possession or use of said land since obtaining entry to the property through said permit.

The judgment concludes with the following entry:

WHEREFORE, based upon the above findings of fact and stipulations, the Court finds as a matter of law that the Defendant, Southern Bell Telephone and Telegraph Company, is bound by the permit in question and is responsible for the cost of the relocation of said telephone lines in the amount of $4,316.00.

On appeal, defendant has not argued that the wording of the general permit was insufficient to establish its liability to pay for relocating its lines. Defendant's position is that the permit expired upon the death of Ola White and that its present grant is through a prescriptive easement.

The facts as stipulated by the parties lead us to conclude that defendant Southern Bell is not bound by the terms of the general permit. It is settled law that a grantor cannot convey to

his grantee an estate of greater dignity than the one he has. *Lovett v. Stone*, 239 N.C. 206, 79 S.E. 2d 479 (1954). The general permit executed by the life tenant, Ola White, conveyed to defendant an easement for and during her lifetime, and for no longer. As a life tenant, she could not create an estate or interest to endure beyond the term of her own estate. 2 Thompson on Real Property § 317, p. 28 (1961); 2 Powell on Real Property ¶ 203[3], p. 130 (1977); 25 Am. Jur. 2d, Easements and Licenses § 15, p. 429 (1966); *cf., Haywood v. Briggs*, 227 N.C. 108, 41 S.E. 2d 289 (1946) (life tenant may not grant a lease to extend beyond the term of the life tenancy). As defendant's rights under the permit terminated upon the death of Ola White, so did its obligations. As between the parties to this action, there are no rights or obligations of any kind based upon the permit.

We note that our determination that the general permit does not obligate defendant to pay for the moving of its lines does not necessarily settle the issue as to which party is liable for the cost of relocation. Plaintiff has not demanded an adjudication as to whether defendant has a right to a prescriptive easement, nor has defendant counterclaimed for such an adjudication. The scope of the present action for a declaratory judgment concerns solely the rights and obligations of the parties under the general permit. The trial court's conclusion that defendant is bound by the permit is in error, and its judgment is

Reversed.

Chief Judge MORRIS and Judge PARKER concur.